UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HEATH HUTCHINS, A MINOR, BY AND
THROUGH HIS NEXT FRIENDS, ANGELA
AND KEITH HUTCHINS                                                              Plaintiff

vs.                                                          Civil Action No. 1:04CV129

LEE COUNTY SCHOOL DISTRICT and
KEITH STEELE                                                                    Defendant

# ORDER

This cause comes before the court upon the motion of defendants Lee County School District and Keith Steele for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Heath Hutchins has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion should be granted in part.

On April 19, 2004, plaintiff Heath Hutchins filed the instant action alleging, *inter alia,* due process violations arising out of his suspension from Saltillo High School ("SHS") in the spring of 2004. Plaintiff's suspension arose out of a schoolyard fight which he admittedly engaged in with fellow student Michael Herring on Friday, February 27, 2004. The fight occurred during a pick-up game of basketball at the school gymnasium, and plaintiff alleges that the first blow was struck by Herring. At any rate, Coach Dillinger, a teacher at SHS, witnessed Heath repeatedly striking Herring in the face, and he took both young men to see SHS Principal Keith Steele. That afternoon, Steele, after discussing the incident with Coach Dillinger, ordered Heath to spend four weeks (i.e. twenty school days) in-school suspension ("ISS") or until an

1

opening became available at an alternative school. Heath spent two days in ISS, following which he attended the alternative school for four weeks. Michael Herring received no punishment for his part in the fight.

During the following week, Heath's parents, Keith and Angela Hutchins, exercised their right under school district policy (and under the U.S. Constitution) to appeal Heath's assignment to the alternative school. A hearing was held before a disciplinary committee comprised of principals from three other schools in the district. The committee upheld Mr. Steele's decision regarding Heath's alternative school placement. The Hutchinses then appealed to the school board, which upheld the decision of the disciplinary committee. Plaintiff served an in-home suspension of around seven days during the pendency of the appeal process, prior to serving his four-week suspension at the alternative school.

In seeking recovery against the School District and Steele, plaintiff argues that the hearings which were provided to them were constitutionally deficient in a number of respects. In particular, while plaintiff concedes that student John Kloac was permitted to testify before the school board on his behalf, he argues that the hearings were otherwise rudimentary in nature and insufficient to meet due process standards. In the court's view, there exist no genuine issues of fact regarding any alleged due process violation as it relates to the four-week suspension imposed against plaintiff for fighting with a fellow student. Indeed, the school district's disciplinary policy expressly provides for such a four-week suspension in cases where a student engages in a "serious fight," and plaintiff does not deny that he repeatedly hit a fellow student in the face. It is thus apparent that plaintiff did, in fact, engage in a serious fight. That being the case, plaintiff could have been afforded the most extensive hearing imaginable, and the proof would still have

established that he engaged in a serious fight and that a four-week suspension was appropriate. It is arguably unfair that Heath received a four-week suspension while the other student who was involved in the fight was not punished. However, it is not the place of federal courts to look over the shoulders of principals in their meting out of punishment for schoolyard fights, unless a constitutional violation has occurred. Unfortunately, it frequently occurs that the student who strikes the second blow in a fight is the one who is "caught in the act" by teachers, and it appears that this may have occurred in this case. This does not indicate the presence of a federal cause of action, however.

While the court thus concludes that no constitutional violation occurred as it relates to plaintiff's four-week suspension for fighting, the court is troubled by the fact that this suspension was not the only one served by plaintiff in this case. The record reveals that plaintiff was given an additional suspension of around seven days while he was exercising his right to a due process hearing.[1] With regard to this seven-day suspension, defendants argue as follows:

> Regarding the plaintiff's assertion that the suspension violated his substantive due process rights because it was arbitrary, the plaintiff has presented no evidence to controvert the testimony of Keith Steele that the suspension was imposed as a matter of course pending the resolution of the parent's appeal of the decision to assign the plaintiff to the alternative school. The practice could be considered arbitrary only if it bore no rational relationship to a legitimate interest of the school district. Suspending a student who has engaged in violent behavior clearly is rationally related to the school district's interest in maintaining order and protecting students from harm. A suspension during the disciplinary appeal process is not arbitrary, particularly where the student has admitted engaging in the violent behavior and the district policy mandates a minimum of four weeks' exclusion from the regular school setting for such behavior.

The court agrees with defendants that a school district has an interest in protecting its

---

[1]Defendants argue that the in-home suspension was actually five days in duration.

students from harm at the hands of a potentially dangerous student and that this interest may require that a student serve an in-home suspension pending a formal due process hearing, in an appropriate case. However, the problem with defendants' argument in this case is that plaintiff was not given credit for the seven-day suspension which he served while his appeal process was going forward. Plaintiff was required to serve his full four-week suspension for fighting and an additional seven-day in home suspension. As such, the record appears to support a conclusion that plaintiff served two suspensions in this case: a four-week suspension at the alternative school for fighting, and a seven-day in-home suspension for exercising his constitutional right to a due process hearing.[2] Clearly, the latter suspension is much more troubling than the former. Moreover, defendants' argument that plaintiff was required to serve his seven-day in-home suspension out of fear for the safety of fellow students is belied by the fact that, after the fight, plaintiff was required to serve a two-day period of in-school suspension. If the school district had a genuine fear for the safety of Heath's fellow students, the question arises as to why he was initially allowed to serve an in-school suspension in this case.

In light of the foregoing, the court concludes that defendants' motion for summary judgment is due to be granted as it relates to the four-week suspension served by plaintiff in this case. As to the seven-day suspension served by plaintiff, however, the court views the record and the authorities cited by the parties as being insufficient for the court to determine whether summary judgment should be granted at this juncture. While the court is troubled by the fact that Heath was apparently required to serve a suspension for exercising his constitutional rights, it is not clear from the parties' briefs to what extent this conduct might serve to grant him a cause of

---

[2]In addition, plaintiff also served two days in-school suspension.

action in this case.

In their brief, defendants largely concentrate on the issue of whether a hearing was provided and whether such was constitutionally sufficient. Defendants argue, for example, that "(s)ince the suspension was for fewer than ten days, the due process clause required only an informal conference with the student giving him an opportunity to deny the accusation and tell his side of the story." In the court's view, defendants' argument misses the point, given that it is doubtful that suspending a student for exercising his rights to a due process hearing would be constitutionally permissible even if an "informal conference" were provided prior to such suspension. At the same time, the court is, to reiterate, uncertain regarding the extent to which a federal cause of action might exist based upon a minor (i.e. less than ten days) suspension pending a formal hearing, where the suspension was arguably in retaliation for a plaintiff's exercise of his due process rights. In light of the foregoing, the court declines to rule on the motion for summary judgment at this juncture as it relates to the seven-day suspension served by plaintiff. The court directs that the parties provide additional briefing regarding this issue, in particular any federal court decisions dealing with minor suspensions imposed in retaliation for a student exercising his right to a due process hearing. The trial in this matter will be continued until a date to be set later, and the court requests that the Magistrate Judge issue any new scheduling orders as required.

The court would also suggest that the parties take advantage of this period to attempt to resolve their dispute amicably. Defendants should recognize that plaintiff should, at the very least, have been given credit for the period of in-home suspension which he served in this case and that their failure to grant such credit gives the appearance that plaintiff was retaliated against

for exercising his constitutional rights in this case. Indeed, defendants do appear to tacitly recognize this fact, as evidenced by their arguments that any liability for failure to grant such credit should be borne by some other party. As (presumably) responsible public officials, defendants should be prepared to take responsibility for their error. For his part, plaintiff should recognize that, if the court does permit a trial regarding the seven-day suspension, any damages for such a minor suspension will presumably be rather minor. Clearly, this is the sort of case that can and should be resolved amicably, and the court suggests that the parties make all reasonable efforts to do so.

In light of the foregoing, it is ordered that defendants' motion [60-1] for summary judgment is granted as it relates to the four-week suspension served by plaintiff at the alternative school, but the court declines to rule upon the motion as it relates to the remaining suspensions served by plaintiff in this case.[3] The trial in this matter is continued until a date to be determined later, and the court directs that the parties provide additional briefings consistent with this order.

SO ORDERED, this the 16th day of February, 2006.

                                      **/s/ Michael P. Mills**
                                      **UNITED STATES DISTRICT JUDGE**

---

[3] The motion for summary judgment will also be granted as to plaintiff's claims under the Individuals With Disabilities Education Act, 20 U.S.C. § 1400, et seq. The record does not support plaintiff's conclusion that he is learning disabled, and the court concludes that plaintiff's IDEA claims lack merit.